OPINION
By GEIGER, PJ.
This action was tried in the Common Pleas Court of Franklin County and is here upon appeal upon questions of law.
We will briefly state the issues and the alleged error of which complaint is made. ^ ■ ■ • - •
The petition recites that on the 22nd day of August, 1935, the plaintiff sustained an injury in the course of his employment with the company, which was at that time a subscriber to the insurance fund; that the injury consisted of a blow on the shin causing a rupture of a vein in the leg and that as a result his circulatory system was impaired and he developed a disability not only in the leg but of the heart. Immediately following the injury plaintiff made application to the Commission for compensation, which application was granted and the plaintiff was paid for a period for temporary total disability and at a later date was paid compensation for partial disability up to the 4th day of September, 1938.
It is alleged that he developed a heart condition which, in combination with the condition of his leg, disabled him, and it is alleged that the plaintiff requested the Commission to pay him compensation for the heart condition, but that on the 23rd of January, 1939, the Commission made an order refusing complainant the right to continue to participate in the insurance fund, upon the ground that no part of his disability was caused by his injury of August 27, 1935.
The Commission on the application of the plaintiff for rehearing made a finding on the 15th day of April, 1940, that the disability in complainant’s leg was the result of his injury and he was entitled to compensation for partial disability, but that the heart condition of the disability caused thereby was not the result of the injury, and that the complainant was not entitled to participate in the insurance, fund. ^ ----u
*310 It is alleged in the petition that the heart condibion is the result of the injury and that he is entitled to receive compensation by reason of the disability, produced by the heart condition.
To this petition the Commission filed an answer admitting that the plaintiff sustained an injury while engaged in his employment and stating that compensation was allowed for the disability due to the injury sustained.
The case was tried before a jury In the Common Pleas Court of Franklin County, and the jury rendered a verdict that the plaintiff is not entitled to participate in the Workmen’s Compensation Fund of the Industrial Commission. A motion was made that the verdict be set aside and for a new trial on the ground that the same was contrary to law and to the evidence, and that the Court erred in its charge to the jury. The motion was overruled and judgment awarded to conform to the verdict and against the right of the plaintiff to participate.
The facts as claimed by appellant are briefly that on August 20, 1935, plaintiff suffered an injury when he fell off the stool on which he was standing and injured the inner side of his left leg below the knee, which injury totally disabled him for a period of six weeks. It is alleged that it was a crushing injury involving blood vessels and muscles of the leg resulting in a disturbance of circulation. The plaintiff returned to work for a short time, but later moved to Kentucky where he has since resided.
The conditions of the plaintiff claimed to be due to impairment of the heart are described and it is stated that the claimant was allowed by the Commission certain compensation due to the leg injury, but that the Commission later discontinued compensation on. the ground that his heart condition was not attributable to the injury, the Commission making an. order that the claim be allowed on rehearing as to the leg disability," that the claim in regard to the heart disability be disallowed for the reason that said heart condition is not the result of the injur y. It is alleged by appellant that the .sole issue of fact is whether or not the injury of August, 1935, was a proximate cause of the heart condition which now totally disables the plaintiff.
*311 *310 The facts stated in the appellant’s brief are admitted by the State to be substantially correct* Counsel for the Commission states that the sole question presented to the jury was that of whether or not there was a direct causal relationship between the injury and the disability in contradiction to the question of whether or not the-disability was caused by the aggravation of a pre-existing condition. Most of the testimony in relation to the heart condition is' that given by various physicians who examined the applicant after the accident. Counsel for appellant-makes the statement that while they are of the opinion that the verdict was improper under the evidence, “there was such a conflict of medical evidence as would prevent this Court from setting the verdict aside solely on the ground of the weight of the evidence. In these proceedings we are-directing our attention and complaints solely and exclusively to various items in the charge of the Court.” This statement by appellant relieves this Court from the examination of the evidence to determine . whether the verdict is against the weight of the evidence* However, we have read the testimony presented and arrive at the same conclusion as that asserted. *311 by counsel for complainant, to-wit, that there is such a conflict in the testimony of the various physicians that it would be impos■sible to say that the verdict is not sustained by the weight of the evidence.
The matters which appellant asserts were prejudicial errors in the charge of the Court relate to two charges, one touching the definition given by the Court of “proximate cause”, and the other, relating to the charge of the court as to the consideration to be given by the jury to the testimony of the expert physicians. These two complaints are elaborated in counsel’s brief, wherein the charge of the court, which is alleged to be erfon'eous, is set forth at length and •criticized in detail. We do not believe that it would be of advantage to set forth the charge of the court "upon these particular questions.
We have read the charges complained of in connection with the •entire charge of the court. The •charges given by the Court have .been used in negligence cases and under such conditions we believe are not subject to criticism. What>ever error may have been committed by the Court in using such charges in a case involving compensation for an injured workman, •can not be urged as prejudicial inasmuch as any such error, if present, was that of omission and not of commission. Counsel was present at the trial and was inquired of in reference to the charge •and expressed his satisfaction. This action upon the part of the plaintiff was such as to deprive the plaintiff of the right to avail himself of any error of omis.sion in the charge.
We see no prejudicial error in ■either of the details complained of and asserted to be erroneous and prejudicial.
Viewing the matter as we do, we have only to sustain the judgment of the Court below. Judgment sustained.
BARNES & HORNBECK, JJ., concur.